**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4912**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

CHERYL BROOKE,

　　　　　　　Defendant – Appellant,

　　　v.

TERRY MASSEY; CLARETTA TAYLOR; THURMAN SPEIGHT; JANET
SPEIGHT; PHYLLIS HUBBARD; PAULA GORDON,

　　　　　　　Movants.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, Chief District
Judge. (8:08-cr-00289-DKC-4)

Submitted: September 28, 2010　　Decided: September 30, 2010

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard Margulies, LAW OFFICE OF HOWARD MARGULIES, Columbia,
Maryland, for Appellant. Gina Simms, Jonathan C. Su, Assistant
United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cheryl Brooke pled guilty pursuant to a plea agreement to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2006), and one count of bankruptcy fraud, in violation of 18 U.S.C. § 157 (2006), and was sentenced to forty-six months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. The Anders brief nonetheless raises as a possible issue for review whether the district court complied with Fed. R. Crim. P. 11 when it accepted Brooke's guilty plea and found that her plea was knowing, intelligent and voluntary. Brooke has filed a pro se supplemental brief and a motion for immediate release, and the Government declined to file a responsive brief. Finding no error, we deny Brooke's motion and affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Rule 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Brooke's Rule 11 hearing reveals that the district court complied with Rule 11's requirements. Brooke's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to her

3

guilty plea. We therefore conclude that no plain error occurred and affirm Brooke's convictions.

We also affirm Brooke's sentence. We hold that Brooke's presentence investigation report ("PSR") properly placed her in criminal history category I and attributed her with a total offense level of twenty-four, yielding a Guidelines range of fifty-one to sixty-three months on her conspiracy to commit wire fraud conviction. The PSR also correctly noted that Brooke faced a sixty-month statutory maximum sentence for her bankruptcy fraud conviction. At sentencing, the district court granted the Government's U.S. Sentencing Guidelines Manual § 5K1.1 (2006) motion, appropriately heard counsel's argument regarding the weight that should be afforded the 18 U.S.C. § 3553(a) (2006) factors, allowed Brooke an opportunity to allocute, and thoroughly considered the Guidelines and the § 3553(a) factors before imposing Brooke's forty-six-month sentence.

We conclude that the district court adequately explained its rationale for imposing Brooke's sentence, that the sentence was selected pursuant to a reasoned process in accordance with law, and that the reasons relied upon by the district court are plausible and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007); see also United States v. Carter, 564 F.3d 325, 330

4

(4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review"). We thus affirm Brooke's within-Guidelines sentence. See United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.[1] We therefore deny Brooke's motion for immediate release and affirm the district court's amended judgment.[2] This court requires that counsel inform Brooke, in writing, of the right to petition the Supreme Court of the United States for further review. If Brooke requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brooke. We dispense with oral argument because

---

[1] We have considered the arguments raised by Brooke in her pro se supplemental brief and find them to be without merit.

[2] We conclude that the district court's restitution order was adequately supported by Brooke's testimony and the Government's evidence regarding the conspiracy victims' losses.

5

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED